Date signed March 23, 2006



_____
**PAUL MANNES**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| **In re:** | **Case no. 05-10909PM** |
| **Rose Oriri Kanu-Oti,** | **Chapter 13** |
| **Debtor.** | |
| **Timothy P. Branigan, Chapter 13 Trustee,** | **Adv. Proc. No. 05-1304PM** |
| **Plaintiff,** | |
| v. | |
| **Patricia Capehart Newby, Gerald Doye, Delmar "Duke" Witcher, Alvin Butler, JRW, Inc. t/a Re/Max First, and First American Properties, Inc. t/a Re/Max Advantage,** | |
| **Defendants.** | |
| **JRW, Inc. t/a Re/Max First and Delmar "Duke" Witcher,** | |
| **Counter-Claimants,** | |
| v. | |
| **Rose Oriri Kanu-Oti,** | |
| **Counter-Defendant.** | |

### MEMORANDUM OF DECISION

This case came before the court on March 22, 2006, for a hearing on the motion to dismiss the Second Amended Complaint filed by Timothy Branigan, Chapter 13 Trustee and successor plaintiff to the Debtor. The motion alleges that the Plaintiff failed to join necessary parties, to wit,

the Archdiocese of Washington and an entity known as the African Daughters of Mary Corporation that appears on the records of the Maryland State Department of Assessments and Taxation as a non-stock business corporation.

The Debtor describes herself on her Statement of Financial Affairs as the Mother Superior of a Convent operated by the Order of the African Daughters of Mary ("the Order"), all of her property is said to be owned for the benefit of the church. When this adversary proceeding was before the court on November 8, 2005, the court suggested that the Archdiocese and the Order be added as parties to the case to obtain complete relief. They were not added. The Plaintiff's counsel explained in open court that, as an officer of the court, before adding these parties, he had contacted the Archdiocese and was advised that it had no financial or other interest in the outcome of this case, nor did it recognize the Order as a religious order under its dominion. In these circumstances, neither can be considered a necessary party to this litigation. This conflicts with the Debtor's view of the matter.

What is before the court for decision is the motion to dismiss, no more and no less. While proof may be very hard to come by for the Plaintiff, the Second Amended Complaint states several causes of action. The Second Amended Complaint states a plain statement of the claim that if construed in the light most favorable to the Plaintiff, with all allegations taken as true, it survives a motion to dismiss. In view of the representations and report of counsel that the court accepts as true, the court will not dismiss this Second Amended Complaint for failure to join a party pursuant to Fed. R. Civ. P. 12(b)(7), made applicable to this adversary proceeding by Fed. R Bankr. P. 7012. An appropriate order will be entered.

cc:    Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, Suite 465, Rockville, MD 20850
       Lisa B. Tancredi, Venable LLP, 2 Hopkins Plaza, Suite 1800, Baltimore, MD 21201
       Richard L. Miller, 30 Corporate Ctr., Suite 500, Columbia, MD 21044
       Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel, MD 20725
       United States Trustee, 6305 Ivy Lane, #600, Greenbelt, MD 20770

**End of Memorandum**